UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Crim. No. 5:19-cr-00182-MAS-2 |
| v. | ) ) ) | **ORDER** |
| TAVIS L. CHENAULT, | ) ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Matthew Stinnett. [R. 114.] Defendant Tavis Chenault has been charged with his first violations of his supervised release. In 2020, the Court sentenced Mr. Chenault to 37 months of imprisonment followed by three years of supervised release after pleading guilty to possession of a firearm in violation of 18 U.S.C. § 922(n). [R. 70.] The United States Probation Office charges Mr. Chenault with two Grade B violations of his supervised release conditions, stemming from state criminal charges and possession of marijuana. [R. 114 at 2–3.] Judge Stinnett recommends a sentence of 15-months' incarceration based on the danger to the community presented by Mr. Chenault's underlying and current offenses and the bottom of the Guidelines sentence that he originally received. *Id.* at 4–5.

Mr. Chenault appeared before Judge Stinnett for an initial appearance pursuant to Federal Rule of Criminal Procedure 32.1. [R. 105.] During the hearing, Mr. Chenault competently, knowingly, voluntarily, and intelligently waived his rights to a preliminary hearing and to a detention hearing. *Id.* On January 6, 2023, Mr. Chenault appeared before Judge Stinnett for his

final hearing. [R. 113.] As Judge Stinnett found, Mr. Chenault "competently, knowingly, voluntarily, and intelligently" stipulated to the violations. *Id.*

After hearing the parties' arguments, Judge Stinnett issued a Report and Recommendation in which he evaluated the entire record and considered all Section 3553(a) factors imported into the Section 3583(e) analysis, as well as the Guidelines Range. [R. 113.] Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.* at 6–7; *see* 28 U.S.C. § 636(b)(1).

More than fourteen days have passed and no one has objected to the Report and Recommendation. Moreover, Mr. Chenault waived his right to allocution. [R. 114 at 7.] Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn,* 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters,* 638 F.2d 947, 949–50 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Stinnett's recommended disposition.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Report and Recommendation **[R. 114]** is **ADOPTED** as and for the Opinion of the Court;

2. Mr. Chenault is found **GUILTY** of all violations;

3. Mr. Chenault's supervised release is **REVOKED**;

4. Mr. Chenault is **SENTENCED** to a term of incarceration of fifteen (15) months, followed by twenty-one (21) months of supervised release; and

5. Judgment shall enter promptly.

This the 21st day of February 2023.

Gregory F. Van Tatenhove
United States District Judge